# IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

JANIA THEARD,
Plaintiff,

v.

PACESETTER PERSONNEL
SERVICE, INC.,

Defendant.

_____/

**CASE NO.:**

## DEFENDANT'S NOTICE OF REMOVAL

TO THE JUDGES OF THE DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION:

Defendant, Pacesetter Personnel Service Inc., ("Defendant" or "Pacesetter" herein), hereby files this notice of removal under 28 U.S.C. §§ 1331, 1441, 1443 and 1446(a) and Local Rule 7.2 and respectfully requests the Court to transfer this case from the 11th Judicial Circuit in Miami-Dade County to the United States District Court for the Southern District of Florida, Miami-Dade Division, and states as follows:

### A. INTRODUCTION

1.      Plaintiff is Jania Theard ("Plaintiff," or "Theard" herein); Defendant is Pacesetter Personnel Service, Inc.

2.      On or about February 7, 2022, Plaintiff served Pacesetter with a complaint filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, asserting claims for alleged discrimination and retaliation arising from her employment with Pacesetter, raising federal questions.

3.      Defendant files this notice of removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

## B. BASIS FOR REMOVAL

4.      Removal is proper pursuant to 28 U.S.C. §§1331 and 1441(b) which provides that the Federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See 28 U.S.C. §§1331 and 1441(b)*.  In Count II of Plaintiff's complaint, Plaintiff alleges a cause of action against Pacesetter for unequal wages and damages under the Equal Pay Act of 1963, 29 U.S.C. §206, et seq., which is a federal question. Plaintiff asserts a state law claim for gender discrimination in Count I of the complaint. The Court has "Federal Question" original jurisdiction over the complaint in that Plaintiff's claims under the law of the United States, more specifically the Equal Pay Act of 1963, 29 U.S.C. §206, et seq.

5.      All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule 7.2 and will be served on Plaintiff. See Exhibit "A".

6.      Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this district and the complaint alleges the actions occurred in Miami-Dade County which is within this District and Division

7.      Pursuant to 28 U.S.C. §1446(d), Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

8.   The time for responding to the Complaint in the state court action has not yet expired. By filing this Notice of Removal, Defendant does not waive any defenses to the complaint, service of process or otherwise and a response to the complaint will be promptly filed.

## CONCLUSION AND PRAYER

Wherefore, Defendant removes the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County to this United States District Court.

Dated this 25th day of February 2022.

**OF COUNSEL:**
**MORAN KIDD LYONS JOHNSON GARCIA, P.A.**

Respectfully submitted,

**/s/Christopher R. Parkinson**
**Christopher R. Parkinson**
Florida Bar No. 112114
cparkinson@morankidd.com
Moran Kidd Lyons Johnson Garcia,
P.A.
111 N. Orange Avenue, Suite 900
Post Office Box 472
Orlando, Florida 32801-472
Telephone: (407) 841-4141
Facsimile: (407) 841-4148
eservices@morankidd.com

**Judith Sadler**
Texas State No. 17511850
Federal Bar No. 9981
jsadler@texasadvocates.com
**Rachel Sedita**
Texas Bar No. 24080428
Federal Bar No. 2228630
rsedita@texasadvocates.com
111 N. Orange Avenue, Suite 900
Orlando, Florida 32802-0472
(407) 841-4141      Telephone
(407) 841-4148      Fax
**Counsels For Pacesetter**
**Personnel Service, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2022, counsel for Defendant electronically filed the foregoing *Defendant's Notice of Removal* with the Clerk of the United States District Court for the Southern District of Florida, electronic filing portal.  Notice of the filing was also sent via electronic service to the following:

**Jason S. Remer, Esq.**
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
jremer@rgpattorneys.com

/s/Christopher R. Parkinson
**Christopher R. Parkinson**

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.      CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH   JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE   COUNTY, FLORIDA

Jania Theard
Plaintiff                                          Case # _____
                                                   Judge _____
vs.

Pacesetter Personnel Services, Inc.
 Defendant

### II.      AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

### III.      TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

EXHIBIT "A"

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  2

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason S Remer</u>        Fla. Bar # <u>165580</u>
       Attorney or party               (Bar # if attorney)

<u>Jason S Remer</u>           <u>11/17/2020</u>
 (type or print name)            Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANIA THEARD,

      Plaintiff,

vs.                                 Case No.: 2020-024763-CA-01

PACESETTER PERSONNEL SERVICE, INC.,

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** PACESETTER PERSONNEL SERVICE, INC. through its Registered Agent:

        M. JOSEPH DICKERSON, ESQUIRE
        120 N. COLLINS STREET
        SUITE 201
        PLANT CITY, FL 33563

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANIA THEARD,

      Plaintiff,

vs.                                 Case No.: 2020-024763-CA-01

PACESETTER PERSONNEL SERVICE, INC.,

      Defendant.

_____/

**SUMMONS IN A CIVIL CASE**

**TO:** PACESETTER PERSONNEL SERVICE, INC. through its Registered Agent:

                M. JOSEPH DICKERSON, ESQUIRE
                120 N. COLLINS STREET
                SUITE 201
                PLANT CITY, FL 33563

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                JASON S. REMER, ESQ.
                REMER & GEORGES-PIERRE, PLLC.
                44 WEST FLAGLER STREET
                SUITE 2200
                MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

                                   9/23/2021

_____      _____
CLERK                                  DATE

217043

_____
(BY) DEPUTY CLERK

CPS 08619405
Date: 2/7/22
Time: 10:00

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANIA THEARD,

   Plaintiff,

vs.           Case No.: 2020-024763-CA-01

PACESETTER PERSONNEL SERVICE, INC.,

   Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** PACESETTER PERSONNEL SERVICE, INC. through its Registered Agent:

     M. JOSEPH DICKERSON, ESQUIRE
     120 N. COLLINS STREET
     SUITE 201
     PLANT CITY, FL 33563

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     JASON S. REMER, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

         9/23/2021

CLERK            DATE

217043

(BY) DEPUTY CLERK



IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR DADE
COUNTY, FLORIDA

JANIA THEARD,                       GENERAL JURISDICTION DIVISION

      Plaintiff,               CASE No.:

v.

PACESETTER PERSONNEL SERVICE, INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, JANIA THEARD ("Plaintiff"), on behalf of herself by and through undersigned counsel, files this Complaint against Defendant, PACESETTER PERSONNEL SERVICE, INC. (referred to as "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. This action seeks damages as a result of discrimination and retaliation predicated on Plaintiff's Sex and Sexual Harassment in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA").

2. The jurisdiction of the Court over this controversy is based upon the FCRA.

3. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant is authorized to conduct business in Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County, the discriminatory acts took place in Dade County, and damages exceed $30,000.

6.   As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination. *See* Exhibit A.

7.   All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

8.   This is an action by the Plaintiff for unequal wages and damages under the Equal Pay Act Of 1963, 29 U.S.C. § 206, *et seq.* ("EPA").

9.   Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff, a female employee, worked for Defendant as a laborer from December of 2017 through March 13, 2019.

12. Throughout Plaintiff's employment, Defendant has consistently hired men at considerably higher rates than women, such that the hourly wage structure has resulted in a substantial disparity between the male and female employees in each category.

13. Plaintiff earned approximately $13.00 less per hour than male employees performing the same job as laborer.

14. Male laborers perform substantially similar work under similar working conditions as Plaintiff.

15. The increased pay that males received was not based on superior skill, education, or experience, or any other legitimate factor.

16. Plaintiff was sexually harassed at work by her male supervisor Jerome Star.

17. Plaintiffs supervisor would often make sexual remarks to Plaintiff that made her feel uncomfortable and sexually harassed.

18. On or about on January 2019, Plaintiff supervisor asked Plaintiff if her butt was hard or soft and proceeded to touch Plaintiff on the butt in an unpleasant manner and said "Yup it's hard".

19. Plaintiff asked another supervisor if she could work under the supervision of another dispatcher as she did not want to work with Jerome anymore.

20. However, two months later in March of 2019, Plaintiff began working for Jerome again.

21. Plaintiff was again sexually harassed by Jerome and informed Jerome that Plaintiff did not want to get involved with him.

22. Jerome replied to Plaintiff "Let's see you get a ticket today" which meant Plaintiff would not get as much work unless she was involved with her supervisor sexually.

23. Plaintiff was not paid the same as male laborers and treated different based on sex.

24. Plaintiff was fired based on sexual harassment and sex discrimination.

25. Any reason proffered by Defendant for the adverse employment action is mere pretext for unlawful discrimination and retaliation.

## <u>COUNT I</u>

### *Gender/Sexual Harassment  DISCRIMINATION IN VIOLATION OF THE FCRA*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. Plaintiff is a member of a protected class under the FCRA.

28. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and sexually harassed at work.

29. Such discrimination was based upon the Plaintiff's gender.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's gender unlawful but acted in reckless disregard of the law.

31. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

32. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

33. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

35. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

**E.**  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

**F.**  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II.
### *Discrimination in Compensation*
### *Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

38. Plaintiff belongs to a protected class; she is female.

39. Plaintiff's job functions as a laborer with Defendant were and are of equal skill, effort, and responsibility as the job functions of Defendant's male laborers, and they were performed under the same or similar working conditions.

40. During all relevant periods, Plaintiff received wages lower than most if not all, of Defendant's male laborers' wages while performing the same or substantially more work than her

male coworkers.

41. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers.

42. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B.  Award Plaintiff actual damages in the amount shown to be due, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated November 13, 2020                                  Respectfully submitted,


/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

THE ELEVENTH JUDICIAL CIRCUIT
MIAMI-DADE COUNTY, FLORIDA

CASE NO.  20-1
(Court Administration)

ADMINISTRATIVE ORDER
NO. 20-21



IN RE:  CREATION OF SECTION CA
07 IN THE CIRCUIT CIVIL DIVISION
OF THE ELEVENTH JUDICIAL
CIRCUIT OF FLORIDA

_____

**WHEREAS,** notwithstanding the efforts of the Judges in the Circuit Civil Division to reduce the number of pending cases in each of their respective judicial sections, such cases continue to increase; and

**WHEREAS,** the Court has determined that in the interest of effecting the prompt disposition of cases, one (1) additional judicial section must be created in the Circuit Civil Division;

**NOW, THEREFORE,** pursuant to the authority vested in me as Chief Judge of the Eleventh Judicial Circuit of Florida under Rule 2.215, Florida Rules of Judicial Administration, it is hereby **ORDERED**:

1.  Section CA 07 is established in the Circuit Civil Division effective January 4, 2021.

2.  Approximately 2,000 cases in open/reopen status shall be randomly selected from the other regular Circuit Civil Sections (in approximate equal numbers from each Section) and reassigned to Section CA 07.

3.  In addition, all closed cases that were previously reassigned from Section CA 34 when it was closed in July 2019, shall be reassigned to Section CA 07.

4.  If a Division Judge wishes to retain a case that was reassigned, the Administrative Judge may, at the request of the Division Judge, transfer the case back and adjust the caseload accordingly.

5.  Section CA 07 shall be added to the new case blind filing configuration effective January 4, 2021 and shall receive 90% of new cases filed into the Circuit Civil Division.

6.  Any inequities in caseload distribution resulting from these reassignments will be adjusted by the Administrative Judge of the Circuit Civil Division.

7. In addition, cases may also be transferred in accordance with previous existing Administrative Orders and Administrative Memoranda.

This Administrative Order shall be effective January 4, 2021.

**DONE AND ORDERED** in Chambers at Miami-Dade, Florida, this 15 day of December, 2020.

**BERTILA SOTO, CHIEF JUDGE**
**ELEVENTH JUDICIAL CIRCUIT OF FLORIDA**

2

Case 1:22-cv-20577-RKA   Document 1   Entered on FLSD Docket 02/25/2022   Page 20 of 30

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JANIA THEARD,

      Plaintiff,

vs.                              Case No.: 2020-024763-CA-01

PACESETTER PERSONNEL SERVICE, INC.,

      Defendant.

_____/

## MOTION FOR ENLARGEMENT OF TIME TO SERVE SUMMONS AND COMPALINT

Plaintiff, JANIA THEARD ("Plaintiff"), by and through undersigned counsel, hereby files Plaintiff's Motion for Enlargement of Time to Serve the Summons and Complaint and as grounds state the following:

1.      The Plaintiff filed this cause of action pursuant to the Florida Civil Rights Act and the Equal Pay Act.

2.      The undersigned was under the impression, that the above-mentioned matter had been sent to the process server and service was made upon Defendants.

3.      The undersigned has since realized this was in error and that the Complaint and Summonses were never sent to the process server.

4.      The Plaintiff has a meritorious claim and deserves to proceed with this case on the merits.

5.      As such good cause and excusable neglect exist to extend the time within which to timely serve process.

6.      Due to the Covid-19 Crisis and despite efforts to serve the Defendants, the Plaintiff has also been unable to locate the Defendants to perfect service; therefore, the Plaintiff respectfully requests additional time to perfect service in this case.

WHEREFORE, the Plaintiff respectfully requests that the Court extend the deadline for timely service of the Summons and Complaint upon the parties pursuant to Fla. R. Civ. P. 1070(j).

## MEMORANDUM OF LAW

In this case, there is no dispute that Plaintiff did not serve Defendants within the 120-day time period described in Fla. R. Civ. P. 1.070(j). The issue, then, is whether Plaintiff has demonstrated good cause or excusable neglect such that the Court should *nunc pro tunc* extend the time to effectuate service of process. Indeed, if a plaintiff shows good cause or excusable neglect for failure to make timely service, **the court must extend the time for service and has no discretion to do otherwise.** *Chaffin v. Jacobson,* 793 So.2d 102, 104 (Fla. 2d DCA 2001) (emphasis added).

Here, Plaintiff's establishes record evidence for the following facts: *The original Complaint was filed on November 17, 2020. Thereafter, on November 18, 2020, the county clerk processed the filing and issued a summons. Upon receipt of the clerk's issuance of the summons by Plaintiff's counsel, the matter was forwarded to a staff person who was to send the appropriate Summonses and Complaint to the process server. Unfortunately, this routine task was not completed. Upon realizing a similar mistake with cases assigned to the same staff person, the undersigned conducted an internal audit of all cases for the year 2020. During this audit, it was discovered that the summons was never sent to the process server. Plaintiff requests an extension of time to Serve the Summonses and the Complaint in this matter.*

Plaintiff respectfully submits, that this error is precisely the sort of excusable neglect repeatedly found where inaction results from clerical or secretarial error, a system gone awry or any other of the foibles to which human error is heir. *See, e.g.*, *Wilmington Trust, NA v. Whyte*, 199 So. 3d 494, 494-95 (Fla. 3rd DCA 2016) (quoting *Elliott v. Aurora Loan Servs., LLC,* 31 So.3d 304, 307 (Fla. 4th DCA 2010)). *See also Ocwen Loan Servicing, LLC v. Brogdon,* 185

So.3d 627, 629 (Fla. 5th DCA 2015) and *Edwards v. Najjar,* 748 So.2d 1101, 1103 (Fla. 3d DCA 2000).

The delay in serving Defendants here was not the result of legal ignorance or factual misunderstanding, but the failure of a clerical system in the undersigned's firm which resulted in not obtaining an alternate address to send to the process server in order to perfect service on the Defendants. There is no evidence or allegation that the delay was intentional. And, moreover, Plaintiff has demonstrated diligence in promptly correcting the deficiency upon its discovery. Finally, because Plaintiff can show good cause or excusable neglect for failure to make timely service, **the court must extend the time for service and has no discretion to do otherwise.** *Chaffin,* 793 So.2d at 104 (emphasis added).

Notwithstanding the foregoing, even if the Court finds that Plaintiff has failed to demonstrate good cause or excusable neglect, the Third District has repeatedly counseled that a trial court can still extend the time for service at its own discretion—and it is an abuse of discretion to not engage in such considerations. *See, e.g.*, *Mitschke-Collande v. Skipworthe Props. Ltd.,* 41 Fla. L. Weekly D757 (Fla. 3d DCA Mar. 23, 2016); *Premier Capital, LLC v. Davalle*, 994 So. 2d 360, 361 (Fla. 3d DCA 2008); *Fernandez v. Cohn*, 54 So. 3d 1040, 1043 (Fla. 3d DCA 2011).

Courts have noted and considered the "absence of any prejudice to the defendants from 'late service,'" in extending the time to serve a party under Rule 1.070(j). *Almeida v. FMC Corp.,* 740 So.2d 557, 559 (Fla. 3d DCA 1999). ("[T]he purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a 'free' dismissal with prejudice.").

Indeed, prior versions of Rule 1.070(j) have been criticized as "another, quite ill-considered … attempt to elevate the demands of speed and efficiency in the administration of justice over the substantive rights of the parties which the system is in business only to serve." *Hernandez v. Page*, 580 So. 2d 793, 795 (Fla. 3rd DCA 1991) (Schwartz, Chief Judge, specially

concurring). Chief Judge Schwartz went on to lament that the defendants have succeeded in escaping liability only because the plaintiffs' lawyers fell into a procedural pit unrelated to the merits of the case or the substantive interests of the defendants. The result is to transfer the burden of the defendants' liability to the plaintiffs' attorney or his malpractice carrier. I do not believe that such a result properly serves the administration of justice as the rules are supposedly intended to do.

*Id.* at 796.

Presently, Plaintiff's Complaint alleges unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") which accrued during her employment with Defendant. The statute of limitations for an FLSA claims is normally two years, though it can be extended to three years in the case of willful violations. *See* 29 U.S.C. § 255(a). Accordingly, if the Court dismisses the case and Plaintiff is required to refile it, she may be precluded from recovering damages from during a substantial portion of her employment if she is ultimately limited to a two-year statute of limitations. To that end, "[i]n situations where the statute of limitations has run, the trial court should normally exercise discretion in favor of giving the plaintiff additional time to perfect service." *Sly v. McKeithen,* 27 So. 3d 86, 87 (Fla. 1st DCA 2009) (quoting).

Finally, Plaintiff respectfully suggests that dismissal of this case will result in the unnecessary expenditure of judicial resources because—Plaintiff will have no other choice but to file a second lawsuit—generating another case number and additional work for the clerk and other court personnel. In other words, dismissal of this case pursuant to Rule 1.070(j) would actually do violence to the timely and efficient pursuit of cases that the Rule is intended to promote. There are certainly cases and circumstances where the application of the Rule's dispositive effect is necessary to protect against dilatory litigation tactics and other forms of unexcused delay. But this is not one of those cases—and the Court undoubtedly has discretion to find accordingly and let this case proceed on its merits.

**WHEREFORE**, by reason of the foregoing, Plaintiff respectfully requests this

Honorable Court GRANT Plaintiff's Motions to Enlarge Time to Serve Summons and

Complaint.

<u>**AFFIDAVIT OF EXCUSABLE NEGLECT**</u>

THE UNDERSIGNED hereby makes this Sworn affidavit pursuant to 28 U.S.C. §1746, and

under penalty of perjury, states as follows:

1.     My name is Jason S. Remer., Esq.  I am fully competent to make this declaration and do so based upon the best of my knowledge, both direct and indirect, of the information stated below, and I am authorized to make the statements and representations herein.

2.     I am *sui juris*, of majority age, and I declare, certify, verify, and state under penalty of perjury, that the following statements are true and correct to the best of my knowledge, information and belief, based on either personal knowledge or review of relevant documents and records.

3.     If called to testify before the Court with regard to the comments of this Sworn affidavit, my testimony will be identical to the contents hereof.

4.     I am lead counsel for Plaintiff in the above –styled case.

5.     *On November 17, 2020, the complaint was filed on this instant case.*

6.     After issuance of the summons, the matter was forwarded to a staff person to send the Summons and Complaint to the process server.

7.     Upon noticing a similar mistake with the same staff person on another matter, the undersigned conducted an internal audit.

8.     Due to this clerical error and oversight, I did not timely serve the Summons and Complaint upon Defendant.

9.     Immediately, upon discovery of the error, the undersigned conducted an audit and is filing the instant Motion in order to correct and properly serve the Defendants.

<u>**VERIFICATION PURSUANT TO FLA. STAT. §92.525**</u>

Under penalties of perjury, I, __Jason Remer_____, declare that I

have read the

foregoing and that the facts contained herein are true.

Executed on this _23__ day of __September _____, 2021.

____s// Jason S. Remer_____
Jason Remer

Dated: September 23, 2021

Respectfully submitted,

*/S/ Jason Remer*

**REMER & GEORGES-PIERRE, PLLC**
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Daniel H. Hunt, Esq.
Florida Bar No. 121247
dhunt@rgpattorneys.com
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005

Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-024763-CA-01
SECTION: CA07
JUDGE: Maria de Jesus Santovenia

**Jania Theard**

Plaintiff(s)

vs.

**Pacesetter Personnel Services, Inc.**

Defendant(s)

_____/

## CASE MANAGEMENT ORDER

    **THIS CAUSE** came before the Court on case management review.  Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

    **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court.  The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances.  The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**:  In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order.   The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures.   Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | 120 Days from filing of Complaint |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | 09/15/2021 |
| **Deadline for Initial Scheduling and Setting Depositions:** | 10/05/2021 |
| **Deadline for Witness and Exhibit List:** | 11/15/2021 |

| | |
|---|---|
| **Deadline for Expert Disclosure:** | 11/15/2021 |
| **Deadline for Inspections/Examinations:** | 11/15/2021 |
| **Deadline for Adding Parties:** | 11/15/2021 |
| **Deadline for Discovery Completion (Including Depositions):** | 12/15/2021 |
| **Deadline for Dispositive Motions:** | 01/15/2022 |
| **Deadline for ADR/Mediation:** | 02/05/2022 |
| **Deadline for Pretrial Motions and Jury Instructions:** | 03/15/2022 |
| **Trial Ready Deadline:** | 04/15/2022 |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**:  Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, _not through staff_, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**:  Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar.  Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**:  The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery.  These motions shall be submitted via courtMAP with supporting documents and shall not be placed on motion calendar.

4. **Motions for Protective Order**:  Motions for protective order must be filed as soon as the grounds are known.  Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition.  The filing of the motion must not be delayed until immediately prior to the scheduled deposition.  A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**:  Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances. The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**:  Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set for hearing as soon as possible.  Parties wishing to

pursue a dispositive motion should target the essential discovery promptly.  <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date</u>.  <u>Last minute cancellations are disfavored</u>.

7. **<u>Amendment of Pleadings</u>**: Motions to amend should be filed so as not to affect the date of trial.  Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

**<u>Discovery</u>**

8. **<u>Written Discovery shall be propounded promptly</u>**:

   a. **<u>Objections</u>**:  If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due.  Failure to timely make these objections, constitutes a waiver.  Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **<u>Documents made available for inspection and copying</u>**:  If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying.  All of the dates shall be within ten (10) days.  Failure to provide the dates and times shall constitute a failure to respond to discovery.  Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **<u>Privilege Logs</u>**:  Privilege logs are due at the time of the response and may not be reserved to be provided later.  Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product e<u>xcept</u> the following:  written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

   Parties are instructed that where they believe that the divulgence of the logging

information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought.  The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous.  *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**:  Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**:  The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule.  Depositions may commence at any time.   Refer to paragraph 4 above regarding motions for protective order.

## Witness and Exhibits Lists

10. **Witness and Exhibit Lists**:  The parties shall timely exchange their witness and exhibit lists.  The lists shall include complete proper names and addresses.  If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## Mediation

11. **Mediation**:  Parties must mediate by the Court's deadline.  The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation.   If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court.  Failure to timely mediate shall not constitute just cause for a trial continuance.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 14th day of January, 2022.

_2020-024763-CA-01 01-14-2022 8:39 PM_

Hon. Maria de Jesus Santovenia

**CIRCUIT COURT JUDGE**

Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Jason S Remer, jremer@rgpattorneys.com
Jason S Remer, ng@rgpattorneys.com
Jason S Remer, pn@rgpattorneys.com

**Physically Served:**